UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PELEUS INSURANCE COMPANY,

                            Plaintiff,        Civil Case No.:

v.

                                            **COMPLAINT FOR**
                                            **DECLARATORY JUDGMENT**

SOUTHWEST MARINE AND GENERAL
INSURANCE COMPANY AND ELSA BARZALLO

                            Defendants.
-------------------------------------------------------------x

        Plaintiff, PELEUS INSURANCE COMPANY ("Peleus" or "Plaintiff"), by its attorneys LONDON FISCHER LLP, states the following as and for its Complaint against Defendants, SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY ("Southwest") and ELSA BARZALLO ("Barzallo").

## NATURE OF THE ACTION

        1.        In this action, Peleus seeks a declaration that Southwest is obligated to defend and indemnify Southwest's insureds, Summerfield Fields Group Ventures LLC ("Summerfield") and Brooklyn B Company Group Inc. ("Brooklyn") ("Summerfield/Brooklyn") in connection with an Underlying Action.

        2.        Barzallo alleges she suffered injuries on January 6, 2021, and subsequently filed an Amended Complaint on November 2, 2022 in Supreme Court, Queens County ("Underlying Action").

        3.        Peleus has been forced to defend Summerfield/Brooklyn in the Underlying Action and has incurred defense costs and expenses because of Southwest's refusal to defend and indemnify Summerfield/Brooklyn.

## PARTIES

4. At all times material hereto, Peleus was and is a Virginia insurance company (not an LLC) with its principal place of business in Chicago, Illinois.

5. At all times material hereto, Southwest was and is a foreign insurance company with its principal place of business in Morristown, New Jersey, is domiciled in New Jersey and is licensed and authorized to do business in the State of New York, including the issuance of insurance policies in the State of New York.

6. At all times material hereto, Barzallo was, and is, domiciled in Queens County, New York.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000.  An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

8. Personal jurisdiction over Southwest is proper as it is domiciled in Arizona and conducts business in the State of New York.

9. Personal jurisdiction over Barzallo is proper as she is a resident of, and domiciled in Queens County, State of New York.

10. Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## INSURANCE POLICY

11. Southwest issued a Commercial General Liability Policy to its Named Insured, Do All Interiors, Inc. ("Do") ("Southwest Policy").

12. The Southwest Policy provides coverage for "bodily injury" that takes place during its policy period and is caused by an accident.

13. Summerfield/Brooklyn qualify as Additional Insureds under the Southwest Policy on a primary and non-contributory basis.

## CONTRACT

14. In a February 25, 2021 contract, Do agreed to procure insurance on behalf of Summerfield/Brooklyn, and to name Summerfield/Brooklyn as an Additional Insured on a primary and non-contributory basis on its own insurance policy with Southwest.

15. Do directly retained all contractors and subcontractors for work at the subject location.

## ACCIDENT AND UNDERLYING LAWSUIT

16. On November 2, 2022, an Amended Complaint was filed entitled, *Elsa Barzallo v. Summerfield Group Ventures LLC, Urban View Development Group Inc., Brooklyn B Company Group Inc., W&S Project Safety Inspection Inc. and Do All Interiors Inc.*; Supreme Court, Queens County; Index No.: 705946/2021 ("Underlying Action").

17. On June 29, 2022, a Third-Party Action was filed entitled, *Summerfield Group Ventures LLC and Brooklyn B Company Group Inc v. Do All Interiors Inc. and Colorific Paint Inc.* ("Third-Party Action").

18. In the Underlying Action, Barzallo alleges that that on January 6, 2021, she was working l661 Summerfield Street, Ridgewood New York when she fell and was injured.

19. Peleus assigned counsel to defend Summerfield/Brooklyn and is paying for Summerfield/Brooklyn's defense in the Underlying Action and their prosecution of the Third-Party Action.

## **TENDERS**

20. On June 21, 2021, January 31, 2022 and March 23, 2022, Peleus tendered Summerfield/Brooklyn's defense and indemnity in the Underlying Action to Southwest.

21. On March 28, 2022, Southwest improperly denied coverage and rejected the tender under the Southwest Policy.

22. Southwest stated that no Additional Insured coverage was available because there was no evidence that Barzallo's alleged injuries were caused by Do.

23. On June 29, 2022, the tender was reiterated to Southwest.

24. On July 7, 2022, Southwest improperly denied coverage, stating that there was no determination that Do contributed to the alleged accident.

25. On October 5, 2022, the tender was reiterated to Southwest.

26. Southwest failed to respond.

27. Southwest has improperly failed to defend and indemnify Summerfield/Brooklyn in connection with the Underlying Action under the Southwest Policy.

28. Southwest is estopped from denying coverage to Elizabeth and has waived all potential coverage defenses under the Southwest Policy.

29. Peleus has been forced to defend Summerfield/Brooklyn in the Underlying Action and prosecute the Third-Party Action and thus has incurred costs and expenses because of Southwest's improper refusal to defend and indemnify Summerfield/Brooklyn.

4888-0849-0409, v. 1

30. An actual controversy exists between Peleus and Southwest with respect to Southwest's duty to defend and to indemnify Summerfield/Brooklyn in connection with the Underlying Action.

31. Peleus has no adequate remedy at law.

### FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

32. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "31'' as if fully set forth herein.

33. The subject accident and the Underlying Action fall within coverage afforded by Southwest under the Southwest Policy.

34. Summerfield/Brooklyn are Southwest's insureds under the Southwest Policy and are entitled to defense and indemnity from Southwest in connection with the subject accident and the Underlying Action.

35. Southwest must provide primary and noncontributory coverage for the subject accident and the Underlying Action to Summerfield/Brooklyn under the Southwest Policy.

36. As a result of its violation of New York Insurance Law §3420, Southwest is estopped from denying coverage to Summerfield/Brooklyn and has waived all potential coverage defenses under the Southwest Policy.

37. Peleus is entitled to a declaration that Southwest has a duty to defend and indemnify Summerfield/Brooklyn on a primary and noncontributory basis in connection with the subject accident and the Underlying Action and must reimburse Peleus for past costs and expenses incurred for Summerfield/Brooklyn as an Additional Insured under the Southwest Policy.

4888-0849-0409, v. 1

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

38. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "37" as if fully set forth herein.

39. The subject accident and the Underlying Action fall within the coverage afforded by Southwest under the Southwest Policy.

40. All terms and conditions of the Southwest Policy have been complied with and met.

41. Southwest is obligated to defend and to indemnify Summerfield/Brooklyn on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Southwest Policy.

42. Southwest has breached its obligations by refusing to defend and to indemnify Summerfield/Brooklyn in connection with the subject accident and the Underlying Action under the Southwest Policy.

43. As a result of its violation of New York Insurance Law §3420, Southwest is estopped from denying coverage to Summerfield/Brooklyn and has waived all potential coverage defenses under the Southwest Policy.

44. As a result of Southwest's breach of its obligation to defend and to indemnify Summerfield/Brooklyn in connection with the subject accident and the Underlying Action, Peleus has been required to incur costs that should have been incurred by Southwest and continues to do so.

45. Peleus has suffered and will continue to suffer damages on account of Southwest's refusal to fulfill its obligations to defend and to indemnify Summerfield/Brooklyn in connection with the subject accident and the Underlying Action.

4888-0849-0409, v. 1

46.     Southwest is liable for any and all damages by virtue of its breach of its obligation to defend and to indemnify Summerfield/Brooklyn in connection with the subject accident, the Underlying Action and the Third-Party Action, including paying past costs and ongoing costs and fees and expenses for defense and/or indemnity.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment as follows:

a.      Declaring that Southwest has a duty to defend and to indemnify Summerfield/Brooklyn on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Southwest Policy and to reimburse Peleus for past costs and expenses;

b.      Awarding Peleus all damages incurred by virtue of Southwest's breach of its obligation to defend and to indemnify Summerfield/Brooklyn in connection with the subject accident and the Underlying Action; and

c.      Awarding attorneys' fees, costs and interest, and such other and relief as this Court may deem necessary and proper.

Dated: New York, New York
       February 29, 2024

                                LONDON FISCHER LLP

                                /s/ William J. Edwins
                        By:     James Walsh
                                William J. Edwins
                                Attorneys for Plaintiff
                                Peleus Insurance Company
                                59 Maiden Lane, 39th Floor
                                New York, New York 10038
                                (212) 972-1000
                                Our File No.: 417.0567248

4888-0849-0409, v. 1